## STATE OF CONNECTICUT v. I. ALBERT LEHRER

REVIEW DIVISION OF THE SUPERIOR COURT

Decided May 1, 1964

*I. Albert Lehrer,* the defendant, pro se.

*John D. LaBelle,* state's attorney, for the state.

BY THE DIVISION. The defendant, age forty-seven, pleaded guilty to five counts of embezzlement by attorney, for which the maximum penalty for each offense under General Statutes § 53-355 is a fine of $1000 or imprisonment for not more than ten years or both; three counts of forgery, for which the maximum penalty for each offense under General Statutes § 53-346 is imprisonment for not more than five years; and two counts of obtaining money by false pretenses, for which the maximum penalty for each offense under General Statutes § 53-360 is a fine of $500 or imprisonment for not more than three years or both. The effective sentence of the court was not less than seven years and not more than fifteen years.

Beginning in 1960 and continuing through August of 1963, the defendant, a well known and until the disclosure of the present offenses a highly respected Hartford attorney, became involved in a complicated series of offenses involving the misappropriation of clients' funds, forgery of legal documents, and obtaining money under false pretenses in an effort to secure funds to satisfy his continually mounting indebtedness. No useful purpose would here be served by reciting such activities in detail. It appears that no one was spared who was drawn into a position where the defendant could somehow manipulate money from him. Even his father's estate was mishandled so that the defendant's mother, seventy-five years of age, is now left with $3000 out of an approximately $25,000 estate.

Up until the defendant became involved in the purchases of various hotels, he conducted a successful law practice and had had an illustrious military career before entering the practice of law. He has no prior record. At first blush, it might appear that the effective sentence might be considered too harsh in view of the base record of the sentences of other persons who were guilty of embezzlement of large sums of money. However, closer study of the many facets of the present case reveals that the complete magnitude of the defendant's operations is still unknown. He was charged with mishandling $75,000 by the state's attorney because the counts involving this sum were immediately provable, but the state had knowledge of the offenses which involved a conservative estimate of at least $700,000. The defendant not only misappropriated funds which came rightfully in his hands but deliberately forged instruments to obtain funds to further cover up other defalcations.

The following excerpt of the remarks by the court at the time of sentencing aptly describes the scope of the offense: "The offenses have been unconscionably repetitive, of serious magnitude, and have been perpetrated seemingly without concern for the consequences. Many people, clients, his friends, relatives and others have already suffered and will suffer great losses."

Considering the volume of the offenses and their magnitude, the sentence imposed was fair and just and must stand.

BOGDANSKI, BARBER and LOISELLE, Js., participated in this decision.